*207 ..Opinio» op the Court, by
Judge Owsley. '
, ~ ' <» ykgfHIS was an action of covenant, broughrin the-court -_,__T?_U J_-law against the executor^ of Thomas Barnett, deceased, by Stovall and his wiiisy.upon the execuled by the testator in his lifetime to Mrs¿ Stbvali,-whilst she was a feme sole by the name of Betly derS. ' ■
“ Know all men whom it’may concern, that for and in'GQnsidfe'fa'tion of the goodwill and affection which I hear unto my daughter’s daughter, Betsy'Saunders, and daughter of my deceased daughter,Lucy Saunders, Í give ^d .^equeath two negro women, they being the same jjitierly lent said Lucy, one by the name of Moll, the ^er Philfe.each about eighteen or twenty };ears -0f will forever defend 5»» the ága, with frieir increase, and pijfht, title and claim to said ri’egroe’sí to said Sa-unders, her heirs and assigns forever, under theApe>nalty of two thousand dollars, as witness my hand and-seal this 7th of Marcel808. Thomas Barnett,
.The court bestow sustained the demurrer of the fef&anls, which was filed to the
The.question decided by that court, now .preee&ed for the consideration of this court,,is, whether ©jr not the consideration expressed in the deed from, the testator to Mrs. -Stovall, is1-a sufficient onc’io *208 authorise the .plaintiffs to maintain their action for a breach of the covenant contained in the cíé'ed, to defend the title and claim tb the
. The affirmative of this question, waá in effect decided by this court, in the case of M,Intire vs. Hughes, 4 Bibb 186. in that case the proximity of blood between a father and his son, was held to be a sufficient consid- , eration to authorise a court of equity to decree a specific execution of a bond for the conveyance of land given by the former to the latter, it is true, that was a case in equity, whereas the p.resent case is an actioii at law; but it should not be forgotten, that a court of equity cannot,consistently with its general practice, decree the specific execution of a contract upon which there could be no recovery at law. There are cases ofa peculiar and - extraordinary character, where courts of equity may decree the specific execution of contracts, though no action at law could be thereon ¡¡naintained; but those are cases which form exceptions to the general rule by which equity is controlled, and the case cited was not decided upon the principle of itsfialling-wilh-in any of the'exceptions. It was decided on the broad apdL general common law principle, that the proximity of* blood between the father and son, formed a sufficient consideration to uphold the bond; upon which damages might have been recovered at law, and which, for the purpose of more substantial relief; ought to be specifically decreed in equity.
• If, therefore, the decision in the case cited, be correct, (and that-it is, we still entertain no doubt,) it f6l-lows, that upon common law principles, the consideration expressed m the deed upon which this suit is founded, must be sufficient to authorise the plaintiffs to sustain their action. For although the deed in this caj#* was not given by a father to his son, it was given to the grand daughter by the grand father, and must be std-mitted to have derived the same force and effect from the consideration of blood, as if it had been given by a father to his child.
But admitting the consideration sufficient as at common lav/, it may possibly, be thought by some, that it ought ifot to be so adjudged under the act of the legislature of this country of 1801. The sixth section of that act provides, that “ whensoever any suit is-depending in any of the courts of this commonwealth, founded on any *209 t f-mt o '{pip- 5^2-2-3 -O k_,a 3 'cr O o> ‘® ht fo 2 — — fl> 'n Í? £5 _ XT - ►c-'CD Í3 Cu ^ >-W fD _ tafcrtf CD 2. ^ CL/ fcO s -yA<th ^-CT* or v- 3 ifFg. CD P_ P JYO —, l“5 • ^ d O ^ i O ►? * § §*3« o. o. -?~® ir-S 'v. '<^1'''~< XT ó-'-Pr^.^, r-t- *“"■} ** /•;■»■• js^_. ' 03 "Jr**. q.'.'S sT o ^S-afyCb ^ S- 3i v«-*4¿? * &> ? 5*kKL? 3 2 o Oj ^co S»o- w.’o ií^?-l ra^r }. '£r^B;
B CD S 3 ST 2 2 ? a _>_ — CL< -^j ^ ^ "O *r* a" ^ ^ 1 ^ W É-'-' J-J-* cl, PT,^ & T?'0 ^<J 0> ' jS oio co fl -tf ’Sb.2 c „ — .eg tan* . , %% p_ —v: S' 2“' cfe-P ¡xO-’o a C Big" » •o>o S o„co — c ¡.«0 3 ®*<D S Wex 3 » “ 3« 7 2 B*4 E3 .pjrf* p--Si 'S' 2*2.® v* ■»■■’ i*D q d p-> p o -- a O ;. *3 í- ca* Ip to O _ /-» £-^ <5 -O OjCP ■4~p ® ^ite ir co .;. r~, (jq — "L *® 0Í 3 , — 1 3 » <?« "• 2 cr P '9#ST Í ‘tx — o 50 s.1 s> § cr " S' o § S ■•® 3$«x. n o vs? o-s .°*®»2-4 :. fi> in O' a 3 gL^g So it» d So|.£2 r 2- o 2.^ a gf O CO 3 © a4 ®" ^ Cj § S, S' | s ? S&S ”2.^§ g C -p o' !‘ct :S?a c ^ co. «2 p —. ^ o o ¿rt- t! 3 P,q a> cr-<fo ^ cs » 1 » O' o .rs 1 <0 a> a “ o „ «•' g:i.g> 1 o c-o-trg C. n> < o —- o ~-ÍP B O. 3 p*^ a. 2 S-'S' w co & o ja r+UQ •. c r- ^ .coj"? Si's» o:, o - CCD S3rt|íSéo'J¡; CO p1* ° — in O * o 'O ‘‘Ó), E. | £-41 £'£? - cr § S? § ^ J? £° ^ n ^ o ^ W« /* A O 3 O 0^ i 2 O 3 «• § g.8 -5 -§• S-má °g'«» n a ? » £-. 2 3 2- w, p 05 o' asj1?"!’.? - «SaOía — pO^O^O-■p. ~* B O rt 3 a* ,2 <~ B 3-0 re ==“’£ * £ S,-o *r _ p. Cog es ó o 2 ¡r ó p CD a M .8. a - *-c pc » — o — CO O . . c» SÍ - „ X O « C- o C- 1 o -p 2 cd cr cp CD o o o o s era — „ M *r> ce W' ,*t2 Q. f-c ,,, cu ^3 „ a5 o X* o P CO o 3- 2 B P fe C 0-5 'O -a — cu 5 - , 2 g 2¶ c3 2'S. - o‘ó. «o 2Si5r“0 *w R g
í- Í CD e> S' E: 5‘ 'o5 5 CD 3 co jr» b cr B- CD ■«■ £ P^L# o ts « P, p c« ■ gfcg> ¡X a, > S S Cb'* 3 fr ”■ CD SO S CB o a 3 = p r?<"o- ! “a it cb _ •fc-0^2 cc en O 5 S í?3^-:-o O q*; 3-;Vp g* £t cS'jjpI £? 1» - ■“» 2 &.OÍO' 2 aSg-'O S-.-2. cr o ^ o „ * ^ ^05 p ,-, ’■m 2 «' c o -*¿ t» « -o g W rrt J3 i, O «*_j S c +- ^¿.-c -2 g ¡5 g 0 fll JM* <$ S (t> tfi ^ al c «3 o f¿,-0 m ,, S to ibm 'Si /t> S3 ,txlg- g: a-3 A S § S"»- p s (X— CA- g ** AA ^Lil cr •? o 0 aj" § 1 C' — g - a £ <& u^s: ■" ,6 2 P ^ S| 3 o O D ",' — «S ^ c §' ^ 2 ote ^ ^ »§«o¿ ¿rf ■ o '5 3 g .2 '£ g « - S cl, ^ o -a & ' "3 o a to" 3-3 p < ‘il&r: ■ *■ tóf |p.-__>T3 % • a,^ ‘ -' (X ra ci- •®> ►7^ v M «xif v -t r*-* co 'gáS^a'^? '*irt'iLf5, te o ' £ .3 ;§ *210 contracting. Under theac^bf this country,,how,eV'er„,$ «party,is not concluded,, ¡ff this .artificial implication rc-suiting fro-tp thesolemnily of contracting; but a dgfepd-ant may^now by special plea, go info vthe\'cpnsideratmn, and when the feet of a deed being purfel'y voluntayyfis made to appear, the application of the rule to which we have referred, may with propriety l}e made. ,
It results, therefore, that the court below elfffl in sustaining the defendants’ demurrer to the plaintiffs’ declaration. But as the parties have agreed that the judgment of that court shoulffpot be reversed, if this cpp|t should be of opinion that nominal damages, only are.recovex^ble upon such a covenant as that contained •ip thp-igHaintiffe’ declaration, it is ^ proper to remark, , that w.e'áre no£.of opinion that the’ mere circumstance -of thp^covenant having been given by tjie testator in consideration of natural love and affection, precludes the plaintiffs from recovering more than 'nonjinai dam-
■ The judgment must be reversed with costs, íhépcausc reepunded to the court below, and further >proceed*Jpgs there had, not inconsistent with this opinion.