## Newman v. Winter et al.

December 20, 1946.

Rehearing denied Jan. 24, 1947.

842

J. S. Fullerton and T. E. Nickel for appellant.

L. D. Bruce for appellees.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

W. P. Newman, the appellant, filed suit against Genevie Winter and her husband, the appellees, seeking cancellation of a deed. The chancellor having refused to cancel the deed, Newman now appeals from the judgment against him.

Appellant asserted his right to cancel his deed upon grounds of his own (1) mental incapacity, (2) undue influence exerted towards himself, (3) lack of any legal consideration in this transaction. On this appeal, the same asserted grounds, which the chancellor considered to have been insufficiently established on the trial, are now reasserted before us.

W. P. Newman, age 73, is a former railroad employee, now retired on a monthly pension of $41. His physical condition is and was poor. By his own admission, he is addicted to excessive use of alcoholic liquors and has been so addicted for some years. On August 30, 1944, following his release from jail, he had a deed

prepared from himself and wife to Genevie Winter, appellee, who is his own married granddaughter. At that time, the appellant was facing two misdemeanor charges in court and was entangled in some domestic difficulties with his own wife. By this deed, a conveyance was made from grandfather to granddaughter for appellant's home and also for an additional piece of rental property adjoining thereto. There was an outstanding mortgage upon the deeded property for more than $700 and the monthly payments thereon were at the rate of $10. The deed recited a consideration of $1. and then provided for grantee's payment of the net income from the property, after satisfaction of mortgage installments, taxes and upkeep out of the gross receipts, to the grantors, the appellant and wife, during their lives. The indicated value of this property is about $4000 and it was paid for out of appellant's earnings. So far as the record shows, the appellee granddaughter is the only lineal descendant of appellant and she was reared or partly reared by him in his own household.

1. Did the grantor have mental capacity? There is some conflict in the evidence on this subject. Appellant and some others assert that his mind was bad at the time of the execution of this deed. However, the appellee granddaughter, the appellant's wife, the person who took the acknowledgment, and one or two others with no apparent interest in the case all testified that there was nothing wrong with appellant's mind at the time of the making of this deed. It further appears that appellant went alone and unaccompanied to have this deed prepared and that he himself directed the recitals therein as to consideration and as to distribution of the property's gross income.

We have held that a contract will not be set aside because of a mere impairment of mental capacity of the signatory. See Lynch v. Dunn's Adm'r, 208 Ky. 15, 270 S. W. 468. We have also held that where a grantor understood what he was doing, the deed, if fairly obtained, was valid, notwithstanding grantor's extreme age, weakened mental condition and eccentric behavior. See Hensley v. Hensley, 230 Ky. 575, 20 S. W. 2d 444. Likewise, we have said that although the grantor may be physically unable to look after his property and although his

mind may be enfeebled by age or disease, yet these conditions are not sufficient to render his deed voidable, if such grantor comprehended the meaning, design and effect of his acts at the time of the deed's execution. See Revlett v. Revlett, 274 Ky. 176, 118 S. W. 2d 150.

Conceding that appellant's mind was somewhat impaired by age and his own indiscretions, granting that he was also physically infirm, yet it must be remembered that some unimpeached and disinterested witnesses proved by their testimony in this case that appellant had sufficient mentality at the time of this deed's execution to comprehend the meaning, design and effect of his act. Also, the general pattern of his behavior on this occasion in going his own selected way to have this instrument drawn and executed, as well as his behavior in having it drawn in such a manner as to retain to himself and wife the property's benefits during their lives, now demands that we recognize a rationality in this grantor's mind sufficient to execute this deed which he is now seeking to denounce. We believe that the chancellor's judgment as to appellant's mental capacity was adequately supported by probative evidence in this case.

2. Was undue influence exerted upon appellant? We see practically no evidence to show that any one influenced appellant to make this deed. As indicated above, he was having some domestic trouble with his wife. She surely had, under these conditions, little or no influence with appellant in a matter of this kind. As previously stated, he went alone to a lawyer's office to have the deed prepared. And in this entire transaction, there appears to have been neither haste nor pressure, the deed having been drawn one day and then executed the following day. Appellant introduced, as an exhibit to his own testimony, a letter he had received from this appellee granddaughter. In this letter, we have noted a statement by Genevie Winter to the effect that she did not want to have this property deeded to her. That letter would appear, of itself, to strongly refute any idea that the appellee granddaughter ever exerted any influence upon appellant to have this deed executed to herself. Upon cross examination, the appellant himself admitted "there was no force used" when the deed was signed. We are firmly convinced that the chancellor cor-

rectly adjudged that the preponderance of the evidence in this case proved that this deed was executed without the exertion of undue influence.

3. Was there any consideration? This deed was, in effect, a conveyance of what amounted to a remainder interest in property that would have, in a natural course of events, descended most likely to this same grantee by operation of law within a relatively short time. The consideration was, in substance and in effect, that the grantee should manage this property, keep it rented, list it for taxes and pay same, keep it repaired, collect the rent, pay the monthly installments on the mortgage, then pay the remaining net income, if any, to appellant and his wife during their lives. While these activities did not constitute a full time job, yet they also did not encompass a mere bagatelle. Appellant grantor was elderly and infirm. No doubt he gladly shifted the various chores of looking after this property into the hands of his young and active granddaughter.

This court has stated that inadequacy of consideration is not sufficient to warrant the setting aside of a deed, unless such inadequacy was coupled with fraud or undue influence or mental incapacity. Ayers v. Oliver, 200 Ky. 547, 255 S. W. 110; Roberts v. Owens, 213 Ky. 580, 281 S. W. 525. And we have also said that natural affection will support a conveyance to a grandchild. Stovall v. Barnett's Ex'rs., 14 Ky. 207, 4 Litt. 207; Hanson v. Buckner's Ex'r, 34 Ky. 251, 4 Dana 251, 29 Am. Dec. 401. We have further stated that an inadequacy of consideration would not constitute grounds for cancellation of a deed, unless it was such an inadequacy as to shock the conscience. Bevins v. Lowe, 159 Ky. 439, 167 S. W. 422.

And so, we find ourselves now looking upon a deed from a grandfather to a granddaughter, whom the grantor had reared and for whom he must have had some natural affection. And we are also looking upon a case in which there was a definite conflict of evidence as to the mental capacity of the grantor, a case in which there was practically no showing whatever of undue influence. Furthermore, we are looking upon a deed in which the grantee obligated herself to perform certain duties of property managment by her acceptance of such

conveyance. Therefore, we are not perceptibly shocked as we survey the consideration which supports this deed. Therefore, we are not prepared to say that the chancellor committed error in adjudging that there was an adequate and legal consideration to sustain this conveyance from appellant grandfather to appellee granddaughter.

Wherefore, having carefully considered all of the grounds promulgated by appellant upon this appeal and not having found in the chancellor's judgment any error to the prejudice of appellant's substantial rights, the judgment of the lower court is now hereby affirmed.